IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Beth Burke,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of the Interior, et al.,<br><br>Defendants. | No. CV17-8090 PCT DGC<br><br>**ORDER** |

Plaintiff filed an application for leave to proceed in forma pauperis on May 11, 2017. Doc. 2. The Court has reviewed Plaintiff's application for leave to proceed in forma pauperis and will **grant** the application. The court has also reviewed Plaintiff's motion for U.S. Marshal to Serve Defendants (Doc. 6) and will **grant** the motion. The Court has also reviewed Plaintiff's motion to appoint counsel (Doc. 5) and will **deny** the motion.

**A.    Appointment of Counsel.**

There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal

issues involved.'" *Wilborn*, 789 F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under section 1915(e)(1). *Wilborn*, 789 F.2d at 1331.

Having considered both factors, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or that any difficulty she is experiencing in attempting to litigate her case is due to the complexity of the issues involved. While Plaintiff has pointed to financial difficulties that she is experiencing, as well as anxiety and depression, such difficulties do not make her case exceptional. Accordingly, at the present time, this case does not present "exceptional circumstances" requiring the appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (district court did not abuse its discretion by refusing to appoint counsel where the plaintiff had sufficient writing ability and legal knowledge to articulate his claim, the facts alleged and issues raised were not of substantial complexity, and it was not likely that he would succeed on the merits).

**IT IS ORDERED:**

1. Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is **granted**.

2. Plaintiff's motion for the U.S. Marshal's to serve Defendants (Doc. 6) is **granted.** Service by waiver or service of the summons and complaint shall be at government expense on the defendants by the U.S. Marshal or his authorized representative. The court directs the following:

   (1) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for all Defendants.

   (2) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with

this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant(s) within 90 days of the filing of the Complaint, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

(4) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(5) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the

Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(6) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

3. Plaintiff's motion to appoint counsel (Doc. 5) is **denied.**

Dated this 31st day of May, 2017.

_____
David G. Campbell
United States District Judge